IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTIANA LIGHT,

    *Plaintiff,*

v.

DELOITTE TAX, LLP, and,
AYDIN HAYRI,

    *Defendants.*

CIVIL ACTION NO. 23cv104

E-Filed

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DELOITTE TAX LLP AND AYDIN HAYRI

Defendants Deloitte Tax LLP ("Deloitte") and Aydin Hayri ("Mr. Hayri") (collectively "Defendants"), by their attorneys Ballard Spahr LLP, hereby answer the Complaint of Plaintiff Christiana Light ("Plaintiff" or "Ms. Light") as follows:

### I. AS TO INTRODUCTION[1]

Defendants deny the allegations contained in the "Introduction" to Plaintiff's Complaint, except admit only that Plaintiff purports to bring claims and seek certain relief under the statutes cited therein.

### II. AS TO PARTIES

1. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff is "an individual."

---

[1] Defendants repeat the headings of the Complaint for ease of reference, but deny the substance of any headings.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants make no response to the allegations contained in paragraph 5 of the Complaint as they are legal conclusions to which no response is required.

6. Defendants make no response to the allegations contained in paragraph 6 of the Complaint as they are legal conclusions to which no response is required.

7. Defendants make no response to the allegations contained in paragraph 7 of the Complaint as they are legal conclusions to which no response is required.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9, except deny that Mr. Hayri's position title is "Transfer Pricing Principal."

### III.   AS TO JURISDICTION AND VENUE

10. Defendants make no response to the allegations contained in paragraph 10 of the Complaint as they are legal conclusions to which no response is required.

11. Defendants make no response to the allegations contained in paragraph 11 of the Complaint as they are legal conclusions to which no response is required.

12. Defendants make no response to the allegations contained in paragraph 12 of the Complaint as they are legal conclusions to which no response is required.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint, except Defendants lack knowledge or information sufficient to ascertain the truth of the allegation regarding attachment of a "true and correct copy of the Charge filed with the PHRC."

14. Defendants admit the allegations contained in paragraph 14 of the Complaint, except Defendants lack knowledge or information sufficient to ascertain the truth of the allegation regarding attachment of a "true and correct copy of the Notice."

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that Plaintiff filed a Writ of Summons in the Philadelphia Court of Common Pleas on or about August 2, 2022.

16. Defendants make no response to the allegations contained in paragraph 16 of the Complaint as they are legal conclusions to which no response is required.

## IV.   AS TO FACTUAL ALLEGATIONS

17. Defendants admit the allegations contained in paragraph 17 of the Complaint, except deny that Plaintiff's position with Deloitte in February 2016 was "Transfer Pricing Consultant II."

18. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 18 of the Complaint, except admit that, at the time of hire, Plaintiff's surname was "Martin."

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that Plaintiff reported to Kevin Croy.

21. Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint, except deny that Robert Plunkett's title was "Transfer Pricing Principal" and that John Wells's title was "U.S. Transfer Pricing Leader."

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit Mr. Hayri helped introduce Plaintiff to other partners during her first year of employment.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations regarding what Plaintiff "witnessed" as contained in paragraph 30 of the Complaint.

31. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations regarding what Plaintiff "witnessed" contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint, except admit that there was a holiday party hosted at Mr. Hayri's home in 2016 for Deloitte Tax employees.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff attended check-in meetings between November 2016 and January 2017 with Mr. Hayri.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants admit the allegation contained in paragraph 47 of the Complaint that Plaintiff's job title changed in August 2017, except deny that it changed to "Senior Consultant."

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint, except admit that Plaintiff was removed from a client project in or around fall 2017 due to performance issues.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 57 of the Complaint.

58. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 58 of the Complaint.

59. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 59 of the Complaint.

60. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 60 of the Complaint.

61. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 61 of the Complaint.

62. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants lack knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 69 of the Complaint, except admit that Dr. Wells sent Plaintiff an email informing her that she was selected for deployment to Deloitte Tax's International Tax group in April 2019.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint, except admit only that Mr. Hayri identified Plaintiff for deployment.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants admit the allegations contained in paragraph 76 of the Complaint.

77. Defendants admit the allegations contained in paragraph 77 of the Complaint.

78. Defendants admit the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants admit the allegations contained in paragraph 81 of the Complaint.

82. Defendants admit the allegations contained in paragraph 82 of the Complaint.

83. Defendants admit the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint, except admit that on July 10, 2019, Mr. Hayri emailed Plaintiff regarding her failure to meet "established expectations for [her] role" and "performance concerns."

85. Defendants admit the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint, except admit that on July 10, 2019, Plaintiff filed a complaint with Deloitte's Integrity Helpline, and refer to that complaint for its contents.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint, except admit that Plaintiff spoke with Deloitte Talent Relations Manager, Brittainy Van Zandt.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint, except admit that Plaintiff emailed Ms. Van Zandt on August 13, 2019, and refer to that email for its contents.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint, except admit that on August 19, 2019, Plaintiff sent an email to Ms. Van Zandt stating she would be "fil[ing] a formal complaint with the EEOC" and refer to that email for its contents.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint, except admit that Plaintiff took short-term disability leave from September 2, 2019 through September 20, 2019.

93. Defendants admit the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 93 of the Complaint, except admit that on September 19, 2019, Plaintiff filed a second complaint with Deloitte's Integrity Helpline, and refer to that complaint for its contents.

95. Defendants admit the allegations contained in paragraph 95 of the Complaint.

96. Defendants admit the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint, except admit only that Plaintiff resigned from her employment with Deloitte.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint, except admit that Mr. Hayri remains employed at Deloitte.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Deloitte denies the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

### AS TO COUNT I—TITLE VII
*Plaintiff v. Defendant Deloitte Tax*

112. Defendants repeat and re-allege their responses to paragraphs 1 through 111 of the Complaint as if fully set forth herein.

113. Deloitte denies the allegations contained in paragraph 113 of the Complaint.

114. Deloitte denies the allegations contained in paragraph 114 of the Complaint.

115. Deloitte denies the allegations contained in paragraph 115 of the Complaint.

116. Deloitte denies the allegations contained in paragraph 116 of the Complaint.

117. Deloitte denies the allegations contained in paragraph 117 of the Complaint.

118. Deloitte denies the allegations contained in paragraph 118 of the Complaint.

### AS TO COUNT II—PHRA
*Plaintiff v. Defendant Deloitte Tax and*
*Defendant Aydin Hayri individually as aider and abettor*

119. Defendants repeat and re-allege their responses to paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120. Defendants admit that Mr. Hayri is currently and at all times relevant to this action was employed by Deloitte.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

### AS TO COUNT III—PFPO
*Plaintiff v. Defendant Deloitte Tax and
Defendant Aydin Hayri individually as aider and abettor*

128. Defendants repeat and re-allege their responses to paragraphs 1 through 127 of the Complaint as if fully set forth herein

129. Defendants admit that Mr. Hayri is currently and at all times relevant to this action was employed by Deloitte.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in paragraph 136 of the Complaint.

### AS TO RELIEF

Defendants admit that Plaintiff purports to seek the relief referred to in the WHEREFORE paragraph of the Complaint, except deny that Plaintiff is entitled to any of the relief set forth therein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation and continued investigation.

## FIRST DEFENSE

The Complaint fails, in whole or in part, because it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants relied upon reasonable, legitimate, non-discriminatory, and non-retaliatory factors in making any decision regarding the material terms and conditions of Plaintiff's employment at Deloitte and acted at all times in good faith and in compliance with all applicable laws.

## THIRD DEFENSE

Defendants would have taken the same employment actions, if any, toward Plaintiff in the absence of any alleged impermissible motivating factor.

## FOURTH DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of any failure by Plaintiff to exercise reasonable diligence to mitigate her alleged damages.

## FIFTH DEFENSE

At all times, Defendants acted in good faith and had reasonable grounds for believing their acts, if any, were not in violation of applicable laws.

## SIXTH DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations.

**SEVENTH DEFENSE**

Plaintiff's claimed are barred, in whole or in part, to the extent that she failed to exhaust her administrative remedies or to the extent they exceed the scope of or are inconsistent with the Charge of Discrimination that Plaintiff dual-filed with the PHRC and EEOC (See Exhibit 1 to Complaint).

**EIGHTH DEFENSE**

If Defendants engaged in any of the unlawful acts alleged in the Complaint, which Defendants deny, then they did not engage in such acts intentionally, willfully, with malice, and/or reckless indifference to Plaintiff's protected rights.

**NINTH DEFENSE**

Plaintiff has not suffered any damages as a result of any acts or omissions by any of the Defendants.

**TENTH DEFENSE**

Plaintiff has failed to state a claim for the recovery of punitive and/or liquidated damages.

**ELEVENTH DEFENSE**

Defendants neither engaged in the purported discrimination, nor aided and abetted it, nor encouraged, incited, compelled, coerced, condoned, acquiesced, or approved of any alleged discrimination.

**TWELFTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, or laches.

**THIRTEENTH DEFENSE**

To the extent that Defendants discover any evidence upon which Deloitte would have (if known to it) discharged Plaintiff, then she will be barred from recovery from the point of any such discovery.

**FOURTEENTH DEFENSE**

At all relevant times, Deloitte had an appropriate policy against unlawful discrimination, harassment, retaliation, and an effective complaint procedure that was known and available to all employees, including Plaintiff.  Nonetheless, Plaintiff unreasonably failed to take advantage of the preventative or corrective measures provided by Deloitte to avoid harm otherwise.  To the extent Plaintiff claims she availed herself of the policies, Defendants took prompt remedial action to address and correct any alleged discrimination.

WHEREFORE, Defendants respectfully request this Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint and all claims set forth therein with prejudice and grant such other and further relief as this Court may deem just and proper, including reimbursement for attorneys' fees and costs incurred in defending this action.

Dated: January 17, 2023

*/s/ Elizabeth K. McManus*
Elizabeth K. McManus (Pa. ID 210274)
Shannon N. Attalla (Pa. ID 326811)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone:  (215) 864-8336/8636
Facsimile:  (215) 864-8999
mcmanuse@ballardspahr.com
attallas@ballardspahr.com

*Attorneys for Defendants Deloitte Tax LLP and Aydin Hayri*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 17, 2023, I caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to be filed via ECF, which provides notice to counsel of record:

Colin P. Saltry, Esq.
Console Law
1525 Locust Street, 9th floor
Philadelphia, PA 19102
csaltry@consolelaw.com

                                              */s/ Elizabeth K. McManus*
                                              Elizabeth K. McManus