### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIANA LIGHT,<br><br>*Plaintiff,*<br><br>v.<br><br>DELOITTE TAX, LLP, and,<br>AYDIN HAYRI,<br><br>*Defendants.* | CIVIL ACTION NO. 2:23-cv-00104<br><br>E-Filed |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on February 10, 2023, and submit to Chambers the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

**Plaintiff's claims**: Plaintiff brings claims against Defendants for the unlawful sex discrimination, retaliation, and hostile work environment to which she was subjected in violation of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and the Philadelphia Fair Practices Ordinance. Plaintiff alleges that soon after she began working for Deloitte Tax in February 2016, her second-level supervisor Aydin Hayri subjected her to conduct and comments of a sex-based nature, which indicated to Plaintiff that he was interested in an intimate personal relationship with her. After Ms. Light complained about the sex discrimination to her direct supervisor and directly to Mr. Hayri in January 2017, Defendants subjected Plaintiff to a retaliatory hostile work environment, reduced and/or denied her work assignments, deployed her to a less desirable placement within the company, reduced and/or denied her opportunities for promotion and increased compensation, and gave Plaintiff negative performance reviews. When

Plaintiff again complained of sex discrimination and retaliation in July 2019, Deloitte failed to take appropriate remedial action in response to her complaints. Plaintiff resigned her employment with Deloitte in September 2019 due to the discrimination and retaliation to which she was subjected.

**Defendants' position**: Defendant Deloitte Tax LLP ("Deloitte") employed Plaintiff from February 21, 2016, until her voluntary resignation on September 20, 2019. At no time did Deloitte or individual defendant Aydin Hayri ("Hayri") subject Plaintiff to unlawful discrimination, harassment, or retaliation. Instead Plaintiff's well-documented performance issues: (1) were the sole reason that she received the candid performance feedback from multiple individuals during her employment; (2) dictated the decisions around compensation and promotions; and (3) resulted in her being temporarily deployed to another group within Deloitte. Plaintiff struggled to meet the performance expectations of her role (as observed and documented by several other Deloitte employees), and her performance rating and compensation reflected this. Deloitte's legitimate business decisions regarding Plaintiff had nothing whatsoever to do with Plaintiff's sex or her rejection of any alleged sexual advances from Mr. Hayri and reflected, solely, her performance issues.

Mr. Hayri treated all of his colleagues, including Plaintiff, with respect and professional support; Mr. Hayri did not make any inappropriate sex-based comments or touch Plaintiff—or any other female employee at Deloitte—inappropriately. Plaintiff only raised an internal complaint regarding Mr. Hayri after she had been identified as a low performer. Plaintiff's concerns were thoroughly investigated by Deloitte, and her claims were not substantiated. Thereafter, Plaintiff voluntarily resigned to pursue another opportunity.

**2. Initial and Informal Disclosures**

The parties will exchange informal disclosures via e-mail on or before **February 24, 2023.**

**3. Formal Discovery**

At this time, the parties believe the primary categories and/or topics for discovery include: (1) Plaintiff's employment, job duties, and performance during her employment with Deloitte; (2) assessments of Plaintiff's performance and related feedback during her employment with Deloitte; (3) Plaintiff's complaints to Talent Relations; (4) the reason(s) and circumstances surrounding Plaintiff's resignation; (5) the factual bases supporting Plaintiff's claims; (6) the factual bases supporting Defendants' defenses; and (7) Plaintiff's alleged damages.

The parties jointly request a discovery deadline of **August 16, 2023**. The parties intend to take discovery on both liability and damages. The parties anticipate that discovery will include the exchange of written discovery, the production of documents, electronically stored information ("ESI") discovery, and oral and/or videotaped depositions of Plaintiff, several fact witnesses, and witness(es) pursuant to Fed. R. Civ. P. 30(b)(6). This proposed discovery deadline will permit the parties to conduct the previously mentioned discovery, including the formulation and execution of reasonable ESI parameters (as set forth in the section below). In addition, the proposed schedule permits for the fact that counsel for Defendants is currently scheduled to be on trial in another matter pending in New Jersey State Supreme Court beginning June 19, 2023.

The parties agree to exchange written discovery and conduct depositions pursuant to the Federal Rules of Civil Procedure. The parties do not anticipate a need to conduct discovery in phases or exceed the limitations set forth in the Federal Rules.

**4. Electronic Discovery**

The parties anticipate that this case will involve the discovery of ESI.  The parties agree to work together in good faith to identify relevant custodians and formulate reasonably-tailored and proportional searches of ESI.  The parties shall submit to the Court a Stipulated ESI Protocol and Proposed Order that contains the parties' agreement (or if no agreement is reached, respective positions and request for Court resolution) as to:

- Data custodians;
- Data sources to be searched;
- Proposed search parameters, including applicable date limitations and search terms;
- Format of production;
- Methods to expedite ESI review (*e.g*., use of hit count reports, de-duplication, email threading, and/or technology assisted review);
- Identification of privileged material; and
- Inadvertent production/claw-back agreement pursuant to Fed. R. Evid. 502.

**5. Expert Witness Disclosures**

At this time, Plaintiff does not anticipate engaging an expert witness.  Should Plaintiff decide to engage an expert witness, Defendants reserve the right obtain experts to respond to the opinions of any experts retained by Plaintiff.

**6. Timing of Dispositive Motions**

The parties propose the following deadlines for dispositive motions: fourteen days (14) days following the close of expert discovery should such discovery occur; opposition briefing to be due thirty (30) days thereafter; and any reply briefing to be due fourteen (14) days after that. In the absence of expert discovery, the parties propose:  dispositive motions be filed forty-five (45)

days after the close of fact discovery with opposition briefing to be due thirty (30) days thereafter; and any reply briefing to be due fourteen (14) days after that.

### 7. Confidentiality Issues and Protective Order

The parties anticipate seeking a confidentiality agreement and/or protective order to protect the privacy of Plaintiff's medical records and certain personnel records and proprietary and confidential business or sensitive information belonging to Deloitte or third parties not a party to this action.

### 8. Early Settlement or Resolution

Plaintiff conveyed a settlement demand and Deloitte made a counter-offer while the matter was pending at the administrative level. To date, no new demands or offers have been exchanged.

The parties are willing to discuss alternative dispute resolution, *e.g.*, a settlement conference before a Magistrate Judge or mediation, after they have had the opportunity to engage in meaningful discovery.

### 9. Trial Date

The parties expect this case will be ready for trial approximately sixty (60) days following the Court's ruling on any dispositive motions. The parties request the Court issue a date certain for the start of trial in accordance with the Court's calendar.

### 10. Other

None.

**Respectfully Submitted:**

By:   */s/Colin Saltry*
     Colin Saltry, Esq.
     Console Mattiacci Law, LLC
     1525 Locust Street, 9th Floor
     Philadelphia, PA 19102
     Telephone: (215) 545-7676
     csaltry@consolelaw.com

     *Attorneys for Plaintiff*

Dated: February 13, 2023

By:   */s/Elizabeth K. McManus*
     Elizabeth K. McManus, Esq.
     Shannon N. Attalla, Esq.
     Ballard Spahr LLP
     1735 Market Street, 51st Floor
     Philadelphia, PA 19103-7599
     Telephone: (215) 665-8336/8636
     Facsimile: (215) 864-8999
     mcmanuse@ballardspahr.com
     attallas@ballardspahr.com

     *Attorneys for Defendants Deloitte Tax LLP and Aydin Hayri*

Dated: February 13, 2023