**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTIANA LIGHT, <br><br> *Plaintiff,* <br><br> v. <br><br> DELOITTE TAX, LLP, and, <br> AYDIN HAYRI, <br><br> *Defendants.* | CIVIL ACTION NO. 2:23-cv-00104 <br><br> E-Filed |

**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

Plaintiff Christiana Light ("Plaintiff") and Defendants Deloitte Tax LLP ("Deloitte") and Aydin Hayri (collectively "Defendants") (together, the "Parties"), through their attorneys, hereby stipulate and agree, subject to approval by the Court, as follows:

WHEREAS, the Parties anticipate engaging in discovery proceedings that shall include, among other things, the production of documents and taking of depositions;

WHEREAS, such discovery proceedings as well as motion practice and trial in this matter will involve the exchange and production of certain confidential information pertaining to Plaintiff, a former employee of Deloitte, and may involve the exchange and production of certain confidential information pertaining to other Deloitte employees;

WHEREAS, the Stipulated Discovery Confidentiality Order is needed in part to protect the privacy of Plaintiff and other Deloitte employees, whose records may be subject to confidentiality protections under applicable state and federal law and/or the disclosure of which will work a clearly defined and serious injury;

WHEREAS, this Stipulated Discovery Confidentiality Order is needed to protect personal or corporate financial, proprietary, commercial, otherwise private or confidential information or

commercially-sensitive information, or data that is not known to or has not generally been made available to the public belonging to Deloitte, the disclosure of which will work a clearly defined and serious injury;

WHEREAS, the Parties have demonstrated that "good cause exists for the order of protection," *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), and *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671-72 (3d Cir. 2019), for documents and information exchanged in this Action that contain confidential information;

WHEREAS, counsel for the Parties have given their consent to these terms and stipulate and agree that this Stipulated Discovery Confidentiality Order be entered;

THEREFORE, IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 26(c), that this Stipulated Discovery Confidentiality Order (the "Confidentiality Order") will govern the handling of confidential information, documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery responses, interrogatory answers, responses to requests for admission, responses to request for the production of documents, briefing and conduct of trial in this matter and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among either Party or any non-Party providing such confidential Discovery Material (a "Providing Party") to the other Party ("Receiving Party") in this Action.

**1.** This Confidentiality Order shall govern the treatment of confidential information, documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery responses, interrogatory answers, responses to requests for admission, responses to request for the production of documents, briefing and conduct of trial in this matter and any other information or material produced, given, or exchanged, including any information contained therein or derived

therefrom ("**Discovery Material**") by or among either Party or any non-Party providing such confidential Discovery Material (a "**Providing Party**") to the other Party ("**Receiving Party**") in this Action.

**2.**   The word "**document**" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure

**3.**   The term "**Confidential Material**" shall include personal or corporate financial, proprietary, commercial, trade secret, marketing, development, commercial, otherwise private or confidential information or commercially-sensitive information, or data that is not known to or has not generally been made available to the public belonging to either Plaintiff or Deloitte. "Confidential Material" shall also include any non-public information that contains the full name or partial name of Plaintiff or another current or former Deloitte personnel, or any other personally identifying information, including but not limited to, Social Security numbers, dates of birth, home addresses, identities of family members, financial records, medical records and "protected health information" as defined by the Health Insurance and Portability and Accountability Act ("HIPAA"), 45 C.F.R. §§ 160.103, 164.501, and "health information" as defined in 42 U.S.C. § 1320d, et seq.

**4. Designation and Identification of Confidential Material**.  Either Party to this Action and any non-party shall have the right to designate as "Confidential Material" and therefore subject to this Confidentiality Order any non-public information, document, or thing, or portion of any document or thing: (a) that contains the names of, or other non-public, personal confidential, or personally identifying information including social security numbers, dates of birth, home addresses, financial records, medical records, and health information as defined by HIPAA, about Plaintiff or any current or former Deloitte personnel; (b) personal or corporate financial,

proprietary, commercial, marketing, business information, trade secrets, otherwise private or confidential information or commercially-sensitive information, or data that is not known to or has not generally been made available to the public belonging to Deloitte; or (c) that the Providing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

a.   Documents and information designated as Confidential Material shall include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and, (d) deposition testimony designated in accordance with Paragraph 8 below.

b.   Either Party to this Action or any non-party who produces or discloses any Confidential Material in this Action, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL."

c.   With respect to all materials provided for inspection by a Party's counsel, designation by stamp or labeling as Confidential Material need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a Party's counsel shall be treated as though designated as Confidential Material at the time of inspection.

**5. Limitations on Disclosure**.  All Confidential Material shall be used by the Receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 6-7, and specifically shall not be disclosed to any media or via a social media platform, unless and until restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

    a.   It is, however, understood that counsel for a Party may give advice and opinions to their clients relating to the Action based on their evaluation of Confidential Material.

    b.   The Receiving Party may use or disclose any information or documents of the Providing Party designated as Confidential Material except as provided for in this Protective Order, but nothing herein shall affect the right of the Providing Party to use or disclose their own Confidential Material in accordance with the law.

    c.   Any non-Party providing information for purposes of this Action shall be provided with a copy of this Protective Order.

    d.   Prior to disclosing or displaying any Confidential Material to any person, counsel shall:

        i.   Inform the person of the confidential nature of the Confidential Material;

        ii.   Inform the person that this Court has enjoined the use of the Confidential Material by them for any purpose other than this Action and has enjoined the disclosure of that information or documents to any other person; and,

        iii.   Where applicable and as further set out in Paragraph 6, require the person sign the non-disclosure agreement attached as **Exhibit A**.

**6. Disclosure of Confidential Material**.   Confidential Material may be disclosed by the Receiving Party only to the following individuals under the following conditions:

    a.   Counsel of record for the Parties in this Action and their employees and contractors, and relevant in-house counsel for the Parties;

    b.   Outside or internal testifying experts or non-testifying consultants retained by counsel for purposes of this action, and mock jurors, provided that they sign the non-disclosure agreement attached as **Exhibit A**;

    c.   The Court, jurors, court personnel, and any mediator (and their staff) retained by the Parties;

    d.   Deponents and trial witnesses, provided that they sign the non-disclosure agreement attached as **Exhibit A**;

    e.   Vendors retained by or on behalf of the Parties by their counsel to assist in the prosecution or defense of this Action including, but not limited to, court reporters, litigation support personnel, jury consultants, vendors retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed the non-disclosure agreement attached as **Exhibit A**;

    f.   The named Plaintiff and Defendants.  Where a Party is a corporation or other business entities, "Party" shall mean shareholders, officers, directors, employees, or agents who are required to participate in decisions with reference to this Action, and clerical employees whose duties and responsibilities require access to such materials; and,

g. The person or entity who originated the Confidential Material or who maintains the Confidential Material.

7. **Control of Confidential Material.** The recipient of any Confidential Material that is provided under this Confidentiality Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Material shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, summaries, and abstractions shall be subject to this Confidentiality Order and labeled in the same manner as the Confidential Material on which they are based.

8. **Designating Deposition Transcripts as Confidential.** With respect to any depositions that involve a disclosure of Confidential Material of a Party to this Action, such Party shall have until thirty (30) days after receipt of the official deposition transcript within which to inform the other Party that portions of the transcript, as delineated by specific page and line numbers, are to be designated as Confidential Material, which period may be extended by agreement of the Parties. All deposition transcripts shall be treated as Confidential Material during these thirty (30) days. Upon being informed that certain portions of a deposition transcript are to be designated as Confidential Material, all Parties shall immediately treat such portions as Confidential.

9. **Resolution of Disputes about Documents Designated as Confidential.** If counsel for the Receiving Party objects to any Confidential Material designation by the Providing Party, the following procedure shall apply:

a.  Counsel for the Receiving Party shall serve on the Providing Party a letter stating the objection, which can be made at any time in the Action.  The Providing Party shall respond by letter within ten (10) business days and shall state with particularity the grounds for asserting that the material is Confidential Material.  If no timely written response is made within ten (10) business days, the challenged designation will be deemed to be void and the material will no longer be designated as Confidential Material.  If the Providing Party makes a timely letter response to the objection, counsel shall then confer by telephone or in person to resolve the dispute.

b.  If the dispute is not thereafter resolved within five (5) business days, or the Parties have reached an impasse within a shorter period of time, the Providing Party shall file a motion with the Court within five (5) business days unless the Parties to the dispute agree to a different time period, and the burden of persuasion shall be on the Providing Party. The material that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute by the Court.  All requests to seal documents filed with the Court shall comply with E.D. Pa. Local Civil Rule 5.1.5.  The filing Party must identify portions of documents filed under seal that contain Confidential Material.

c.  If a dispute arises during trial, deposition, or at any hearing before the Court with respect to the use of Confidential Material, the Parties to the dispute may seek the immediate guidance of the Court and will follow the orders of the Court.

**10. Filing of Confidential Material**.  In the event a party seeks to file any Confidential Material with the Court, that Party shall take appropriate action to ensure that the documents receive proper protection from public disclosure, including: (1) filing a redacted document with the consent of the Producing Party; (2) where appropriate (e.g., in relation to discovery and

evidentiary motions), submitting the documents solely for *in camera* review; or, (3) where the preceding measures are not adequate, seeking permission to file the document under seal.  The Parties may file such motions to seal within five (5) days of any filing that includes documents or testimony that is the subject of any such motion to seal.  The parties may use placeholder pages in their unsealed filings prior to submitting any motion to seal.

**11. Inadvertent Disclosure of Confidential Material**.  The inadvertent or unintentional disclosure by a Providing Party of Confidential Material that should have been designated as such shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for the Party to whom the material was disclosed that the material should have been designated as Confidential Material within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document, or thing as Confidential Material under this Protective Order.  The inadvertent production of any document produced in response to discovery requests in this action by either Party or any non-party, that is later claimed should have been withheld on grounds of the attorney-client privilege or attorney work product doctrine, will not be deemed to waive the privilege.  A Party or non-party may request by letter the return of any document that it inadvertently produced by identifying the inadvertently produced privileged document and stating the basis for withholding such document from production within five (5) business days of discovery of the inadvertent production.  Immediately upon receiving such notice, the Receiving Party shall make no further use of the alleged privileged material and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents.  Within five (5) business days of receiving such notice, the Receiving Party shall destroy or return to the Providing Party such material, provided that the Receiving Party may follow the procedures set forth in Fed.

R. Civ. P. 26(b)(5)(B) and may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity, in which case the Receiving Party may keep a segregated copy of such materials to present to the Court for *in camera* review.

**12. Publicly Available Information Not Confidential**.  No information that is in the public domain or that is already known by the Receiving Party through lawful means or which is or becomes available to a Party from a source other than the Providing Party asserting confidentiality, shall be deemed or considered to be Confidential Material under this Protective Order.

**13. Non-Waiver**.  This Confidentiality Order shall not deprive either Party of its right to object to discovery by any other Party or on any otherwise permitted ground.  This Confidentiality Order is being entered without prejudice to the right of either Party to move the Court for modification or for relief from any of its terms.

**14. Destruction or Return of Confidential Material**.  Within sixty (60) calendar days after the last final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Confidentiality Order shall be under an obligation to destroy or return to the Providing Party all materials and documents containing Confidential Material, and to certify to the Providing Party such destruction or return.  However, counsel for either Party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that such materials are maintained and protected in accordance with the terms of this Protective Order, which shall remain in full force and effect.

**15. Order Subject to Modification**.  This Confidentiality Order shall be subject to modification on motion of any party.  The Confidentiality Order shall not, however, be modified

until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

**16. Court's Authority**.  The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.


Dated:  3/13/23                                           *For Plaintiff:*

                                                           */s/Colin Saltry*

                                                           **CONSOLE MATTIACCI LAW, LLC**

Colin Saltry
1525 Locust St., 9th Floor
Philadelphia, PA 19102
Telephone: (215) 545-7676
Email: csalty@consolelaw.com

Dated:  3/13/23                                          *For Defendants:*

                                                           */s/Elizabeth K. McManus*

                                                           **BALLARD SPAHR LLP**

Elizabeth K. McManus (ID No. 210274)
Shannon N. Attalla (ID No. 326811)
mcmanuse@ballardspahr.com
attallas@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

*Attorneys for Defendants Deloitte Tax LLP and Aydin Hayri*

**IT IS SO ORDERED.**

Dated:   March 16, 2023

_____
HON. MIA R. PEREZ

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHRISTIANA LIGHT,

*Plaintiff,*

v.

DELOITTE TAX, LLP, and,
AYDIN HAYRI,

*Defendants.*

CIVIL ACTION NO. 2:23-cv-00104

E-Filed

## STATEMENT AGREEING TO CONFIDENTIAL TREATMENT OF INFORMATION

I, _____, state that:

I have received and carefully read the Confidentiality Order dated _____, and understand its provisions.  Specifically, I understand that I am obligated to hold in confidence and not to disclose the contents of any document marked CONFIDENTIAL to anyone except as permitted by Paragraph 6 of the Protective Order.  I further understand that I am not to disclose to anyone except as permitted by Paragraph 6 of the Confidentiality Order any words, substance, or summaries of the Confidential Material.  I understand that I must abide by all of the provisions of the Protective Order.

At the termination of this Action or at any time requested by counsel, I will destroy or return to counsel all documents and other materials, including notes, computer data, summaries, abstracts, or any other information reflecting Confidential Material which have come into my possession, and will destroy or return all documents or things I have prepared reflecting such information.

I understand that if I violate the provisions of this Protective Order, I will be subject to sanctions or other remedies that may be imposed by the Court.  I consent to the exercise of personal jurisdiction by the United States District Court for the Eastern District of Pennsylvania with respect to any violations of this Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____                          Signed: _____